# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **In Re**<br>**Daniel L. HOCK**<br>**Private (E-1), USMC**<br><br>*Petitioner*<br><br>**UNITED STATES**<br><br>*Respondent* | **PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF CORAM NOBIS**<br><br>**NMCCA No. 201400417**<br><br>**Panel 1**<br><br>**O R D E R**<br><br>***Dismissing Petition for Lack of Jurisdiction*** |

On 24 November 2015, this Court affirmed the findings and sentence in Petitioner's court-martial.[1] On 30 March 2016, the Court of Appeals for the Armed Forces denied Petitioner's Motion for Grant of Review.[2] Petitioner remains confined at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. The petitioner's dishonorable discharge has not yet been executed.

Upon consideration of what we interpret as a Petition for Extraordinary Relief in the Nature of a Writ of *Coram Nobis*,[3] filed by Petitioner on 1 June 2021, it is, by the Court, this 2nd day of November 2021,

**ORDERED:**

That the petition for a writ of *Coram Nobis* is **DISMISSED** for lack of jurisdiction.[4]

---

[1] *United States v. Hock*, No. 201400417, 2015 CCA LEXIS 529 (N-M Ct. Crim. App. Nov. 24, 2015) (unpublished).

[2] *United States v. Hock*, 75 M.J. 296 (CAAF 2016) (mem.).

[3] In a memorandum submitted to this Court, "SUBJECT: Unauthenticated and Incomplete Record of Trial, *United States v. Hock*, NMCCA No. 201400417, November 25, 2015," Petitioner claims that the record of trial is his case is incomplete, and that this Court's prior review of his case could not have been accomplished without a complete record. Petitioner requests that a complete record be produced, that appellate defense counsel be assigned to review the record for assignments of error, and that this Court take appropriate steps to ensure that the record is authenticated. Petitioner does not allege any specific errors occurred at his court-martial or on appellate review.

[4] *See In Re Jordan*, 80 M.J. 605, 612 (N-M Ct. Crim. App. 2020) (explaining that a writ of *coram nobis* is not available where another remedy is available). As Petitioner remains in confinement and



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

Copy to:
NMCCA (51.1)
Commandant, United States Disciplinary Barracks
45
46
02

---

his discharge has not yet been executed, he may file a petition for a writ of habeas corpus with this Court. *See In re Best*, 79 M.J. 594, 599 (N-M Ct. Crim. App. 2019) (explaining that this Court retains jurisdiction to consider a petition for habeas corpus when petitioner's discharge has not yet been executed). We decline to re-characterize the current petition as a petition for habeas corpus in accordance with the Court of Criminal Appeals for the Armed Forces decision in *Loving v. United States*, 62 M.J. 235, 259–60 (C.A.A.F. 2005) (dismissing two petitions for a writ of *coram nobis* without prejudice and noting that Petitioner may file a writ of habeas corpus).